Greg S. Ericksen (1002)
Attorney at Law
1065 South 500 West
P.O. Box 609
Bountiful, UT  84011
Telephone:  (801) 299-5519
Facsimile:  (801) 299-9799

Mark M. Bettilyon (4798)
Arthur B. Berger (6490)
S. Brandon Owen (9971)
RAY QUINNEY & NEBEKER PC
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ORBIT IRRIGATION PRODUCTS, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TAIZHOU DONGFANG LIGHT DECORATIONS CO., LTD., a Chinese company ZHEJIANG HONG CHEN, a Chinese corporation; HONG CHENG, a Chinese corporation; LUO JUN, an individual; CHINA EXPORT & CREDIT INSURANCE CORPORATION a/k/a SINOSURE, a Chinese corporation; and DOES 1-10,<br><br>Defendants. | **COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT, BREACH OF DUTY OF FAIR DEALING, SPECIFIC PERFORMANCE, AND DECLARATORY JUDGMENT**<br><br>Civil No._____<br><br>Judge: _____<br><br>(Jury Demanded) |

Plaintiff ORBIT IRRIGATION PRODUCTS, INC. ("ORBIT"), brings this action against defendants TAIZHOU DONGFANG LIGHT DECORATIONS CO., LTD., LUO JUN, CHINA EXPORT & CREDIT INSURANCE CORPORATION ("CHINA EXPORT") and DOES 1-10, and alleges as follows:

## THE PARTIES

1. ORBIT is a manufacturer and distributor of sprinkler irrigation products to various customers around the world with its principal place of operation at 845 North Overland Road, North Salt Lake, Davis County, State of Utah.

2. TAIZHOU DONGFANG LIGHT DECORATION CO., LTD, ZHEJIANG HONG CHEN and HONG CHENG are all companies that manufacture various products including sprinkler irrigation components in a factory located at No. 888-10 Maizhiqiao Road East, Luqiao, Taizhou, Zhejiang, China.

3. On information and belief, TAIZHOU DONGFANG LIGHT DECORATION CO., ZHEJIANG HONG CHEN and HONG CHENG are the same company, alter egos of each other and/or in conspiracy with one another. Hereinafter these three companies shall be referred to as "DONGFANG."

4. On information and belief, LUO JUN owns and manages DONGFANG, acting as its Vice General Manager.

5. On information and belief, LUO JUN was at all times mentioned an agent or employee of DONGFANG, acting within the scope of such agency or employment.

6. On information and belief, LUO JUN is a citizen of China.

7. On information and belief, CHINA EXPORT, also known or operating as SINOSURE, is a Chinese corporation.

8. On information and belief, Does 1-10 are (a) subsidiaries, divisions, affiliates, partners, joint venturers or distributors of or for DONGFANG; and/or (b) individuals and/or corporate entities who, directly or indirectly, have knowingly or otherwise participated in, benefited from, solicited, assisted, or aided in the activities complained of herein, and/or had the right or ability to control the activities complained of herein.  The identities and capacities of Doe Defendants 1-10 are not presently known to ORBIT.  ORBIT will amend this Complaint to include such information when it is ascertained.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35 of the United States Code.

10. This is also an action for breach of contract and specific performance under the Utah Uniform Commercial Code (Title 70A, chapter 2) and other provisions of Utah law.

11. In addition, this is an action for declaratory judgment.

12. Subject-matter jurisdiction over ORBIT's claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1332 and 1338(a).

13. On information and belief, DONGFANG and LUO JUN have contracted to provide goods in the State of Utah, solicited business in the State of Utah, transacted business within the State of Utah, and attempted to derive financial benefit from residents of the State of Utah, including benefits directly related to the instant patent infringement, breach of contract, and breach of duty of fair dealing causes of action set forth herein.

14. DONGFANG and LUO JUN have also agreed that the state and federal courts of the State of Utah have exclusive jurisdiction over any dispute arising from such contracts or relating to the goods identified in the contract.

15. On information and belief, DONGFANG and LUO JUN have placed their infringing products into the stream of commerce and/or advertised or offered to sell their products, throughout the United States, which products have been offered for sale, sold and/or used in the State of Utah and/or in the District of Utah.

16. DONGFANG and LUO JUN have caused tortious injury in this state, including but not limited to misappropriating and misusing ORBIT's patents with intent to harm ORBIT in this state.

17. Defendants have sent or caused to be sent correspondence that is the subject of this Complaint to ORBIT in this state.

18. Defendants have committed acts of infringement in this judicial district, are subject to personal jurisdiction in this judicial district, and/or are doing business in this judicial district.

19. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and/or 1400.

## ACCUSED PRODUCTS

20. On information and belief, DONGFANG and LUO JUN make, sell and/or offer for sale or allow others to make, use, sell and/or offer for sale infringing products, including, but not limited to, various sprinkler irrigation products that infringe the patents described below.

21. DONGFANG's and LUO JUN's' products referenced above are collectively referred to hereinafter as "the Accused Products."

22. The Accused Products do not necessarily represent an exhaustive list, and additional products may be added pending further discovery.

## ORBIT'S INTELLECTUAL PROPERTY

23. ORBIT owns U.S. Patent No. 6,874,696 (the "'696 Patent") entitled "Adjustable Sprinkler Riser with Offset Joint,"  owns U.S. Patent No. 6,619,570 (the "570 Patent") entitled "Telescoping Watering Wand," owns U.S. Design Patent No. 495,026 (the "'026 Patent") entitled "Hose Nozzle," owns U.S. Design Patent No. 482,428 (the "'428 Patent") entitled "Hose Nozzle."

24. On information and belief, DONGFANG and LUO JUN have infringed and continue to infringe one or more of the above-mentioned patents by making, using, selling and/or offering to sell, or inducing or contributing to the infringement of the above-mentioned patents in the United States, including the State of Utah, one or more of the Accused Products that are covered by one or more of the claims of the above-mentioned patents.

## DEFENDANTS' CONTRACT WITH ORBIT

25. DONGFANG and LUO JUN executed a Supplier Agreement with ORBIT in November 2004 in which they agreed to manufacture and sell to ORBIT sprinkler irrigation components as identified by ORBIT in individual purchase orders.

26. The Supplier Agreement is attached hereto as Exhibit A and hereafter incorporated by this reference.

27.     The Supplier Agreement incorporates ORBIT'S Purchase Order Terms and Conditions and ORBIT's Standards for Suppliers.

28.     In the Supplier Agreement, DONGFANG and LUO JUN agreed to warrant and guarantee that "the goods ordered herein shall be delivered in good and undamaged condition and shall, when delivered, be merchantable and fit and safe for purposes for which the same are intended to be used, including without limitation consumer use."

29.     DONGFANG and LUO JUN also agreed that "[a]ll goods shall be subject to inspection and test by the purchaser and its agents or employees and any governmental agency to the extent practicable at any and all times and places including the period of manufacture and prior to final acceptance by the purchaser and its customer."

30.     The Supplier Agreement guarantees the prices of the products ordered by ORBIT against DONGFANG's and LUO JUN's' "own price decline and against legitimate competition" until the date of shipment.

31.     The Supplier Agreement provides that "[i]n the event that prior to final shipment under this order, Supplier sells or offers to sell to others goods substantially of the same kind as ordered herein at lower prices and/or terms more favorable to a third party than those stated in this order, the prices and/or terms herein shall be deemed automatically revised to equal the lowest prices and/or most favorable terms at which Supplier shall have sold or shall have offered such goods and payments shall be made accordingly."

32.     ORBIT and DONGFANG and LUO JUN also agreed that DONGFANG and LUO JUN would ship ordered product during shipment windows identified in accepted purchase orders.

33. The Supplier Agreement provides that "THE TIME SPECIFIED HEREIN FOR SHIPMENT OF GOODS IS OF THE ESSENCE OF THIS AGREEMENT AND FAILURE TO SHIP WITHIN SUCH TIME SHALL BE CONSIDERED A MATERIAL BREACH OF THE AGREEMENT AND SUBJECT TO" the contractual remedies provided in the Supplier Agreement.

34. ORBIT's confidential and proprietary information is also protected by the Supplier Agreement.

35. The Supplier Agreement states that the "Supplier shall not at any time, during or after the term of this Agreement, disclose to others and will not take for its own purposes or the purpose of others any trade secrets, confidential information, knowledge, designs, data, know-how, or any other information considered 'confidential' by the Purchaser.  Supplier recognizes that this obligation applies not only to technical information, designs and marketing, but also to any business information that the Purchaser treats as confidential. . . . Any information that is not readily available to the public shall be considered to be a trade secret and confidential."

36. As provided in the Supplier Agreement "failure to comply with each and every term of [an] order shall constitute an event of default and shall be grounds for the exercise by Purchaser of any of the remedies provided for in these Terms and Conditions."

37. Pursuant to the Supplier Agreement, DONGFANG AND LUO JUN are required to provide ORBIT with 30-days notice before assigning, factoring, or otherwise transferring the right to receive payment under the Supplier Agreement.

38. Upon their failure to comply with this provision, "Purchaser shall have the right to take deductions or other set offs against any payment assigned, transferred or factored by the

Supplier and Supplier shall defend and indemnify Purchaser against and hold Purchaser harmless from any and all lawsuits, claims, actions, damages (including reasonable attorneys fees, court costs, obligations, liabilities, or liens) arising or imposed in connection with the assignment or transfer or factoring of any account or right arising thereunder."

39. The Supplier Agreement provides additional remedies to those provided under the Utah Uniform Commercial Code.

40. In addition to damages and cancellation, the Supplier Agreement supplies ORBIT with the right to withhold payment to DONGFANG and LUO JUN based on their failure to comply with any term, guarantee, or warranty.

**FIRST CLAIM FOR RELIEF**
**PATENT INFRINGEMENT**
**OF U.S. PATENT NO. 6,874,696**

41. ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

42. On April 5, 2005, the '696 Patent was duly and legally issued to the assignee, ORBIT.

43. Upon information and belief, DONGFANG AND LUO JUN have infringed and continue to infringe the '696 Patent by making, using, selling and/or offering to sell, or inducing or contributing to the infringement of the '696 Patent in the United States, including the State of Utah, one or more of the Accused Products that are covered by one or more of the claims of the '696 Patent, including, but not limited to, claims 1 and 9 of the '696 Patent.

44. DONGFANG and LUO JUN are liable for infringement of the '696 Patent pursuant to 35 U.S.C. § 271.

45. DONGFANG'S and LUO JUN's acts of infringement have caused damage to ORBIT, and ORBIT is entitled to recover from DONGFANG and LUO JUN the damages sustained by ORBIT as a result of their wrongful acts in an amount subject to proof at trial.

46. As a consequence of the infringement complained of herein, ORBIT has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DONGFANG and LUO JUN are enjoined by this Court from committing further acts of infringement.

47. Upon information and belief, one or more of DONGFANG's and LUO JUN's acts of infringement were made or will be made with knowledge of the '696 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle ORBIT to enhanced damages and reasonable attorneys' fees.

### SECOND CLAIM FOR RELIEF
### PATENT INFRINGEMENT
### OF U.S. PATENT NO. 6,619,570

48. ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

49. On September 16, 2003, the '570 Patent was duly and legally issued to the assigned, ORBIT.

50. Upon information and belief, DONGFANG and LUO JUN have infringed and continue to infringe the '570 Patent by making, using, selling and/or offering to sell, or inducing or contributing to the infringement of the '570 Patent in the United States, including the State of Utah, one or more of the Accused Products that are covered by one or more of the claims of the '696 Patent, including, but not limited to, claims 1 and 9 of the '570 Patent.

51.     DONGFANG and LUO JUN are liable for infringement of the '570 Patent pursuant to 35 U.S.C. §271.

52.     DONGFANG's and LUO JUN's acts of infringement have caused damage to ORBIT, and ORBIT is entitled to recover from the DONGFANG and LUO JUN the damages sustained by ORBIT as a result of their wrongful acts in an amount subject to proof at trial.

53.     As a consequence of the infringement complained of herein, ORBIT has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DONGFANG and LUO JUN are enjoined by this Court from committing further acts of infringement.

54.     Upon information and belief, one or more of DONGFANG's and LUO JUN's acts of infringement were made or will be made with knowledge of the '570 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle ORBIT to enhanced damages and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### PATENT INFRINGEMENT
### OF U.S. DESIGN PATENT NO. 495,026

55.     ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

56.     On August, 24, 2004, the '026 Patent was duly and legally issued to the assignee, ORBIT.

57.     Upon information and belief, DONGFANG and LUO JUN have infringed and continue to infringe the '026 Patent by making, using, selling and/or offering to sell, or inducing

or contributing to the infringement of the '026 Patent in the United States, including the State of Utah, one or more of the Accused Products that are covered by the claim of the '026 Patent.

58.     DONGFANG and LUO JUN are liable for infringement of the '026 Patent pursuant to 35 U.S.C. § 271.

59.     DONGFANG's and LUO JUN's acts of infringement have caused damage to ORBIT, and ORBIT is entitled to recover from the DONGFANG and LUO JUN the damages sustained by ORBIT as a result of their wrongful acts in an amount subject to proof at trial.

60.     As a consequence of the infringement complained of herein, ORBIT has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DONGFANG and LUO JUN are enjoined by this Court from committing further acts of infringement.

61.     Upon information and belief, one or more of DONGFANG's and LUO JUN's acts of infringement were made or will be made with knowledge of the '026 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle ORBIT to enhanced damages and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF
### PATENT INFRINGEMENT
### OF U.S. DESIGN PATENT NO. 399,916

62.     ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

63.     On October 20, 1998, the '916 Patent was duly and legally issued.

64.     ORBIT is the exclusive licensee of the '916 Patent.

65. Upon information and belief, DONGFANG and LUO JUN have infringed and continue to infringe the '916 Patent by making, using, selling and/or offering to sell, or inducing or contributing to the infringement of the '916 Patent in the United States, including the State of Utah, one or more of the Accused Products that are covered by the claim of the '916 Patent.

66. DONGFANG and LUO JUN are liable for infringement of the '916 Patent pursuant to 35 U.S.C. § 271.

67. DONGFANG'S and LUO JUN'S acts of infringement have caused damage to ORBIT, and ORBIT is entitled to recover from the DONGFANG and LUO JUN the damages sustained by ORBIT as a result of their wrongful acts in an amount subject to proof at trial.

68. As a consequence of the infringement complained of herein, ORBIT has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DONGFANG AND LUO JUN are enjoined by this Court from committing further acts of infringement.

69. Upon information and belief, one or more of the DONGFANG'S and LUO JUN'S acts of infringement were made or will be made with knowledge of the '916 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle ORBIT to enhanced damages and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### PATENT INFRINGEMENT
### OF U.S. DESIGN PATENT NO. 482,428

70. ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

71. On November 18, 2003, the '428 Patent was duly and legally issued to the assignee, ORBIT.

72. Upon information and belief, DONGFANG and LUO JUN have infringed and continue to infringe the '428 Patent by making, using, selling and/or offering to sell, or inducing or contributing to the infringement of the '428 Patent in the United States, including the State of Utah, one or more of the Accused Products that are covered by the claim of the '428 Patent.

73. DONGFANG and LUO JUN are liable for infringement of the '428 Patent pursuant to 35 U.S.C. § 271.

74. DONGFANG's and LUO JUN's acts of infringement have caused damage to ORBIT, and ORBIT is entitled to recover from DONGFANG and LUO JUN the damages sustained by ORBIT as a result of their wrongful acts in an amount subject to proof at trial.

75. As a consequence of the infringement complained of herein, ORBIT has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless DONGFANG and LUO JUN are enjoined by this Court from committing further acts of infringement.

76. Upon information and belief, one or more of the DONGFANG's and LUO JUN's acts of infringement were made or will be made with knowledge of the '428 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. § 284 and 285 and entitle ORBIT to enhanced damages and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
### BREACH OF CONTRACT

77. ORBIT realleges and incorporates by this reference the preceding paragraphs of this Complaint as if fully set forth herein.

78.     ORBIT has performed its obligations under the Supplier Agreement and has been ready and willing to receive goods purchased from DONGFANG and LUO JUN .

79.     As set forth herein, DONGFANG and LUO JUN have breached one or more of the provisions of the Supplier Agreement; these breaches constitute a material breach of the Supplier Agreement.

80.     On information and belief, prior to shipment of ORBIT's outstanding orders, DONGFANG and LUO JUN offered and/or sold to third parties goods of substantially the same kind at lower prices and more favorable terms than those agreed to by ORBIT.

81.     On information and belief, DONGFANG and LUO JUN also disclosed and took for their own purpose and the purpose of others, ORBIT designs, data, and other confidential information.

82.     Moreover, DONGFANG and LUO JUN failed to match the lower prices and more favorable terms that they provided to ORBIT competitors and/or other third parties; instead, DONGFANG and LUO JUN insisted that ORBIT pay prices above those agreed to in accepted purchase orders.

83.     DONGFANG and LUO JUN refused to ship goods identified in ORBIT purchase orders until ORBIT agreed to alter the price, payment terms, and inspection rights agreed to in the  Supplier Agreement and purchase orders.

84.     To date, DONGFANG and LUO JUN have failed to ship at least four accepted purchase orders within the agreed shipment windows, despite ORBIT's demands that DONGFANG and LUO JUN deliver the goods ordered.

85. As a direct result of these breaches, ORBIT has been damaged in an amount to be proven at trial.

86. Pursuant to the remedies provided in the Supplier Agreement and Utah law, ORBIT has withheld payments owed to DONGFANG and LUO JUN as a set off or partial payment of the damages it has incurred as a result of DONGFANG's and LUO JUN's breaches.

87. ORBIT notified DONGFANG and LUO JUN of its intention and reasons for doing so.

88. In violation of the Supplier Agreement, DONGFANG and LUO JUN transferred the right to receive payment to an insurance company without first notifying ORBIT.

89. As a consequence, ORBIT is also now without knowledge concerning who is the proper party to receive such payments.

90. On January 6, 2010, CHINA EXPORT sent ORBIT a letter demanding payment from ORBIT.

91. CHINA EXPORT advised ORBIT that DONGFANG and LUO JUN had reported an unpaid balance to CHINA EXPORT as its insurer.

92. CHINA EXPORT indicated that this was a covered insurance claim and that CHINA EXPORT was now pursuing payment of the unpaid balance.

93. ORBIT is being irreparably harmed by DONGFANG's and LUO JUN's breaches, and ORBIT has no adequate remedy at law. ORBIT is therefore entitled to temporary, preliminary, and permanent injunctions barring DONGFANG and LUO JUN from engaging in further acts in breach of the Supplier Agreement.

## SEVENTH CLAIM FOR RELIEF
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

94. ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

95. DONGFANG and LUO JUN have a duty of good faith and fair dealing in connection with the Supplier Agreement.

96. DONGFANG and LUO JUN have breached their duty of good faith and fair dealing by, among other things, depriving ORBIT of the fruits of its bargain under the Supplier Agreement as described above.

97. As a result of DONGFANG's and LUO JUN's breach of their duty of good faith and fair dealing, ORBIT has been damaged in an amount to be proven at trial.

98. Moreover, ORBIT is being irreparably harmed by DONGFANG's and LUO JUN's breaches, and ORBIT has no adequate remedy at law. ORBIT is therefore entitled to temporary, preliminary, and permanent injunctions barring DONGFANG and LUO JUN from engaging in further acts in breach of the Supplier Agreement.

## EIGHTH CLAIM FOR RELIEF
## SPECIFIC PERFORMANCE

99. ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

100. Between August and November of 2010, DONGFANG and LUO JUN accepted at least thirty-four Orbit purchase orders.

101. The Supplier Agreement and accepted purchase orders are sufficiently clear, definite, and certain to make possible an order of specific performance.

102. Notwithstanding, DONGFANG and LUO JUN refused and continue to refuse to deliver the ordered products.

103. ORBIT has no adequate remedy at law for DONGFANG's and LUO JUN's failure to perform and ORBIT cannot be adequately compensated by an award of money damages.

104. The sprinkler irrigation products manufactured by DONGFANG and LUO JUN for ORBIT are unique. These products were manufactured by DONGFANG and LUO JUN based on ORBIT's protected designs and trademarks to meet ORBIT's particular needs and specifications.

105. Replacement products are not available in the open market.

106. As a result of the DONGFANG's and LUO JUN's refusal to perform the contract, ORBIT has been damaged in an amount to be proven at trial.

107. Moreover, ORBIT is being irreparably harmed by DONGFANG's and LUO JUN's breaches, and ORBIT has no adequate remedy at law. ORBIT is therefore entitled to temporary, preliminary, and permanent injunctions ordering DONGFANG and LUO JUN to specifically perform their obligations under the Supplier Agreement.

### NINTH CLAIM FOR RELIEF
### DECLARATORY JUDGMENT

108. ORBIT realleges and incorporates by this reference the preceding paragraphs of the Complaint as if fully set forth herein.

109. In light of DONGFANG's and LUO JUN's improper transfer of the right to payment in violation of the Supplier Agreement, ORBIT is is operating under a legal cloud such that a justiciable controversy actually exists between ORBIT and the Defendants.

110. ORBIT is entitled to a declaration of the parties' rights as follows:

    a. Defendants DONGFANG and LUO JUN breached the Supplier Agreement by transferring their right to payment without first notifying ORBIT.

    b. In light of this breach, as well as the breaches plead in Claim Five, ORBIT is entitled to withhold payment as a deduction or setoff against the payment.

    c. CHINA EXPORT is barred from bringing any action or proceeding whatsoever, or making any threat, against ORBIT concerning allegations that ORBIT owes payment to CHINA EXPORT under the Supplier Agreement.

## PRAYER FOR RELIEF

WHEREFORE, ORBIT respectfully prays for the following relief:

1. Judgment that DONGFANG AND LUO JUN have each infringed the '696 Patent, the '026 Patent, the '570 Patent and the '428 Patent.

2. An order requiring DONGFANG AND LUO JUN to account for and pay to ORBIT all damages caused by their infringement of the '696 Patent, the '026 Patent, the '570 Patent and the '428 Patent, whether lost profits or a reasonable royalty, and to enhance such damages by three times in light of DONGFANG's and LUO JUN's willful infringement, all in accordance with 35 U.S.C. § 284;

3. Entry of a permanent injunction pursuant to 35 U.S.C. § 283 enjoining DONGFANG's AND LUO JUN's, their officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

4. An order that ORBIT be granted pre-judgment and post-judgment interest on the damages caused to it by reason of DONGFANG's and LUO JUN's patent infringement;

5.	A declaration by the Court that this is an exceptional case and that ORBIT be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

6.	A judgment for three times ORBIT's actual damages, in an amount to be determined at trial.

7.	An order compelling DONGFANG AND LUO JUN to account to ORBIT for their profits arising from the acts complained of herein, and that ORBIT be awarded treble DONGFANG's AND LUO JUN's profits, in accordance with the accounting demanded.

8.	An order that the Supplier Agreement and accepted purchase orders for Orbit sprinkler irrigation parts be specifically performed.

9.	A declaratory judgment barring CHINA EXPORT from pursuing payment under the Supplier Agreement.

10.	An order awarding pre- and postjudgment interest.

11.	An award for ORBIT's costs of suit, including reasonable expenses and attorneys fees.

12.	Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, ORBIT demands a trial by jury of all issues so triable.

DATED this 14th day of January, 2011.

	GREG ERICKSEN
	Attorney at Law

RAY QUINNEY & NEBEKER P.C.


 /s/ Mark M. Bettilyone
Mark M. Bettilyon
Arthur B. Berger
S. Brandon Owen

*Attorneys for Plaintiff*


Plaintiff's Address:

845 North Overland Road
North Salt Lake, UT 84054

#1119518